RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDDIE SAREMI, D.M.D.**, a California professional corporation, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**KATIE J. KARZEN**, a California dental corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Eddie Saremi, D.M.D. ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Specifically, the TCPA makes it unlawful to send fax

advertisements without the recipients' consent. 47 U.S.C. § 227(b)(1)(C).

2. Plaintiff alleges that Katie J. Karzen d/b/a The Valley School for Dental Assisting ("Valley Dental") sent unsolicited fax advertisements to Plaintiff and other putative class members without their consent.

3. Plaintiff and putative class members never consented to receive these faxes. Because fax marketing campaigns generally involve the transmission of faxes to tens of thousands of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal fax advertisements from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal fax marketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Eddie Saremi, D.M.D. is a California professional corporation with its principal place of business in this District.

6. Defendant Valley Dental is a California dental corporation with its principal place of business in this District.

Case 2:20-cv-02721-VAP-AS   Document 1   Filed 03/24/20   Page 3 of 8   Page ID #:3

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over the Defendant because they engaged in fax marketing conduct within this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the faxes were sent from and/or to this District.

## Factual Allegations

10. Valley Dental is a for-profit dental vocational school.

11. In order to market its vocational training programs, Valley Dental relies on fax marketing.

12. While sending faxes in bulk may save time and money for Valley Dental's marketing efforts, it violates the privacy rights of the Plaintiff and putative class.

Fax to Plaintiff

13. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff's fax number is associated with a traditional fax machine.

15. On February 18, 2020, Valley Dental sent a fax to Plaintiff's fax machine

-3-

Class Action Complaint
Case No.

promoting Valley Dental's Dental Assistant Courses:

> **Dental Assistant Courses**
>
> **\*\*GET YOUR CERTIFICATIONS IN THE NEW YEAR 2020!!**
>
> **Courses in Encino and Downey**
>
> Certifications are still required in order to apply for the RDA License without the practical exam- CPR, X-RAY, INFECTION CONTROL 8-HR, CORONAL POLISH, LAW AND ETHICS, SEALANTS
>
> - March 4th 6:30pm   X-ray Course DOWNEY (New)
>
> **Join us for MARCH CERTIFICATION Courses 2020**
>
> - March 5th  6:30pm   CPR (American Heart Association)
> - March 6th  6:30pm   Infection Control 8-hour & Dental Practice Act
> - March 7th  8:00am   X-ray Certification (Saturday)
> - March 9th  6:30pm   X-ray Certification
> - March 5th  6:30pm   CPR (American Heart Association)
> - March 14th 8:00am   X-ray Skill Building (Saturday)
> - March 16th 6:30pm   X-ray Skill Building
> - March 19th 6:30pm   Coronal Polishing Certification
> - March 23rd 6:30pm   Pit and Fissure Sealant Certification
> - March 28th 8:00am   RDA Exam Prep Class (Saturday)
>
> **Orthodontic Assistant Permit**  Fridays or Sundays in March
>
> *DO NOT perform any of the above duties without being licensed or certified the consequences can be severe. GET CERTIFIED!*
>
> We provide all materials & CE Credits
> DAY, EVENING AND WEEKEND CLASSES
>
> The Valley School for Dental Assisting
> www.valleydentalassisting.com
> info@thevalleyschoolfordentalassisting.com
>
> **(888)866-2001**   Dental Board Approved Provider
>
> To be removed from the fax list please call 1(877) 281-6342 and enter pin #4437 or Fax to 1(818)995-8632.

16. Plaintiff never consented to receive Valley Dental's junk fax.

17. Valley Dental's fax caused Plaintiff actual harm including aggravation and nuisance, the loss of use of its fax line and fax machine during the receipt of the fax, and other out of pocket costs associated with receiving the fax.

**Class Action Allegations**

18. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons

-4-

Class Action Complaint
Case No.

or entities similarly situated throughout the United States.

19. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> <u>Junk Fax Class:</u> All persons within the United States to whom: Defendant and/or a third party acting on their behalf, sent a substantively fax advertisement as Defendant sent to Plaintiff to their fax machine within four years of the filing of the complaint through the date notice is provided to the class.

20. Excluded from the Class is counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

21. The Class as defined above is identifiable through fax records and fax number databases.

22. The potential Class's members number at least in the thousands. Individual joinder of these persons is impracticable.

23. Plaintiff is a member of the class.

24. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a.  Whether Defendant violated the TCPA by sending fax advertisements to putative class members' fax machines;

      b.  Whether Defendant sent the faxes without obtaining the recipients' prior express invitation or permission; and

      c.  Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

25. Plaintiff's claims are typical of the claims of class members.

26. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, it will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents it.

27. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

28. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

29. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for membership in the Class described

Class Action Complaint
Case No.

above.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Junk Fax Provision

30. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

31. Defendant's fax advertisements were sent without the prior express invitation or permission of the fax recipients.

32. Defendant violated the TCPA by (a) sending fax advertisements to fax machines without prior express invitation or permission, or (b) by the fact that others sent those faxes on its behalf.  *See* 47 U.S.C. § 227(b).

33. The Defendant's violations were willful and/or knowing.

34. The TCPA also authorizes injunctive relief, and Plaintiff seeks injunctive relief prohibiting Defendant from sending unsolicited fax advertisements.

### Relief Sought

WHEREFORE, for itself and all class members, Plaintiff requests the following relief:

A.    Injunctive relief prohibiting Defendant from sending unsolicited faxes to consumers' fax machines without their prior express permission or invitation;

Class Action Complaint
Case No.

B. Because of Defendant's violations of the TCPA, Plaintiff seeks for itself and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems proper, finding that Plaintiff is proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: March 24, 2020   Respectfully submitted,

**Eddie Saremi, D.M.D**, individually and on behalf of those similarly situated individuals

By: /s/ Rachel E. Kaufman
Rachel E. Kaufman, Esq.
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and all others similarly situated*

Class Action Complaint
Case No.